## UNITED STATES DISTRICT COURT

## MIDDLE DISTRICT OF LOUISIANA

STEPHEN FITZPATRICK                                     CIVIL ACTION

VERSUS
                                                        NO. 18-479-JWD-RLB

U.S. GOVERNMENT

## <u>NOTICE</u>

Please take notice that the attached Magistrate Judge's Report and Recommendations has been filed with the Clerk of the U.S. District Court.

In accordance with 28 U.S.C. §636(b)(1), you have fourteen (14) days from date of receipt of this notice to file written objections to the proposed findings of fact and conclusions of law set forth in the Magistrate Judge's Report.  A failure to object will constitute a waiver of your right to attack the factual findings on appeal.

**ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.**

Signed in Baton Rouge, Louisiana, on October 17, 2018.

**RICHARD L. BOURGEOIS, JR.**
**UNITED STATES MAGISTRATE JUDGE**

# UNITED STATES DISTRICT COURT

# MIDDLE DISTRICT OF LOUISIANA

**STEPHEN FITZPATRICK**                                      **CIVIL ACTION**

**VERSUS**
                                                            **NO. 18-479-JWD-RLB**
**U.S. GOVERNMENT**

## REPORT AND RECOMMENDATION

The complaint in this matter was filed on April 19, 2018.  Plaintiff, who is proceeding pro se, paid the $400 filing fee at the time he filed the complaint.

On May 3, 2018, the plaintiff filed a motion to expedite and make service. (R. Doc. 3). On June 1, 2018, the Court issued an order on the plaintiff's motion to expedite and make service. (R. Doc. 4).  In the Court's order, the Court informed the plaintiff that "Plaintiff is responsible for service of summons and complaint on the defendant(s).  In addition, Plaintiff is responsible for submitting the summons and address for the defendant(s) to the Clerk of Court.  Upon plaintiff submitting the summons and address for the defendant(s) to the Clerk of Court, the Clerk is directed to issue process."

Further in the Court's order, the Court stated that "In accordance with Rule 4(i) of the Federal Rules of Civil Procedure, a party serving the United States and its Agencies, Corporations, Officer, or Employees must "(A)(i) deliver a copy of the summons and of the complaint to the United States Attorney for the district where the action is brought—or to an assistant United States attorney or clerical employee whom the United States attorney designates in a writing filed with the court clerk--or (ii) send a copy of each by registered or certified mail to the civil-process clerk at the United States attorney's office; (B) send a copy of each by registered or certified mail to the Attorney General of the United States at Washington, D.C.; and

(C) if the action challenges an order of a nonparty agency or officer of the United states, send a copy of each by registered or certified mail to the agency or officer."

In addition, the Court stated that "In accordance with Rule 4(m) of the Federal Rules of Civil Procedure, there is a time limit for service. "If a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time.  But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

A review of the Court's Docket Sheet reflected that there was no service return in the record for defendant U.S. Government, and, in fact, summons had not been issued.

On August 13, 2018 (R. Doc. 5), the Court issued an order that "within fourteen (14) days of the date of this Order, Plaintiff shall show cause, in writing, why his claims asserted against defendant U.S. Government should not be dismissed because of his failure to serve the defendant within the time allowed by Fed. R. Civ. P. Rule 4(m).  Plaintiff is advised that a failure to file a written response to this Order within the time allowed may result in the dismissal of his claims against the defendant without further notice from the Court."

LR 41(b) provides that a matter may be dismissed for failure to prosecute when no service of process has been made within 120 days of filing of the complaint or when no responsive pleadings have been filed and no default has been entered within 60 days after service of process.

The plaintiff has taken no action against the defendant U.S. Government and has not responded to the court's order to show cause regarding the defendant.

As a practical matter, the case cannot proceed against the defendant if the plaintiff does not prosecute his claims against the defendant or respond to the court's order to show cause. Plaintiff's failure to prosecute his claims against the defendant U.S. Government effectively deprives the defendant of the opportunity to defend itself from the allegations made against it. The plaintiff has failed to respond to court's order and has failed to prosecute this action.

## **RECOMMENDATION**

It is the recommendation of the magistrate judge that the plaintiff's complaint be dismissed without prejudice as to the defendant U.S. Government pursuant to Rule 4(m) of the Federal Rules of Civil Procedure and under Local Rule 41(b) for failure to prosecute.

Signed in Baton Rouge, Louisiana, on October 17, 2018.

**RICHARD L. BOURGEOIS, JR.**
**UNITED STATES MAGISTRATE JUDGE**